## VAN WALKER v. THE STATE.

### *No. 464.   Decided May 16.*

1. **Evidence—Bill of Exceptions, Insufficient When.**—On a trial for burglary, where the prosecution proved by two witnesses that they had investigated the burglarized premises on the next day after the burglary, "on account of information received by them from one J.," and the said J. not being produced by the State as a witness, the defendant moved to exclude the evidence of these two witnesses, because it disclosed that there was better evidence, *Held*, that the bill of exceptions was too indefinite and uncertain to be considered, because it failed to state "the information received from J.," and fails to set out what facts the latter knew relating to the crime and defendant's connection therewith, which would have been stronger, better, or more cogent than the evidence introduced.

2. **Charge of Court.**—It is not error for the court to refuse to instruct the jury upon a phase of the case not raised by the evidence.

APPEAL from the District Court of Smith. Tried below before Hon. FELIX J. McCORD.

This appeal is from a conviction for burglary, the punishment assessed being a term of three years in the penitentiary.

The following statement of the case, which is substantially correct, is taken from the brief of counsel for appellant:

Sometime prior to 1889 one W. M. Kidd had occupied a storehouse on the Rose farm, in Smith County, about fifteen miles southwest from the city of Tyler, and at the beginning of 1889 had removed to Henderson County, leaving a remnant of goods in said storehouse in charge of a clerk named Williams. Eidson & Broach rented the Rose farm for 1889, and removed on it in January of that year, and appellant, who had worked with Eidson for three years before that, went with

Eidson, and on an understanding, it seems, that he would work for Eidson & Broach on the farm that year. Shortly after Eidson & Broach moved to the farm Williams boxed up the goods that were in the storehouse, nailed up the front doors and windows, locked the back door, and went no one knows where, it seems; but before leaving he turned the key over to Eidson & Broach, to be delivered to Kidd when he came for the goods. About a week or ten days after this Eidson went from the house, going early and returning late in the day. After Eidson had gone Broach and wife left also, going to a neighbor's two and a half miles off, and returning in the evening before Eidson did. The key to the storehouse was left hanging up in Mrs. Broach's room, and was found there still on their return in the evening. Appellant and three boys—Sam Jones, Sawnie, and Bryant—were left in charge of the premises, appellant being directed by Mr. Broach to go into Mrs. Broach's room occasionally during the day to see that nothing was damaged by the fire. Broach does not recollect whether appellant was there when he and wife returned in the evening, but he and Eidson are both certain that he was not there next morning. Appellant went to Ned Reese's house next morning, got a pony from him (giving him for the pony that day a pair of woman's shoes), went to Tyler, and returned that night. But on the morning that appellant went to Tyler on Ned Reese's pony, Eidson & Broach, having received some information (the nature of which was not disclosed) from Sam Jones, took the storehouse key and unlocked and went into the storehouse for the first time since Williams had left, and found a box of shoes in the storehouse broken open; but no sign was found of the house having been broken open, it appearing that whoever broke open the box of shoes must have come into the house only by unlocking the back door. Reese let Eidson have the shoes he had got from appellant, and Eidson says he and Broach compared them with the shoes in the broken box, and found them to be similar, with like marks on them. One Charlie Baxter testifies, that appellant offered to sell him a pair of woman's shoes four or five days, probably a week, before this.

On February 20, 1889, the bill of indictment was returned against appellant, charging him with burglary of a house belonging to Eidson & Broach. Appellant was not arrested till February 26, 1894, five years after the bill was found. He was tried and convicted March 6, 1894. The State proved the facts substantially as above stated, the testimony introduced by appellant being intended principally to rebut the evidence as to flight given by the State's witness. The theory of the State was, that appellant effected an entrance into the house with the key that was hanging up in Mrs. Broach's room during the day that Eidson, Broach, and wife had gone from home and had left appellant in charge, with Sam, Sawnie, and Bryant. The three parties last

named were not used by the State as witnesses, and if any effort was made to get them to court it was not developed.

Defendant's motion to exclude from the jury the testimony of Broach and Eidson, and his bill of exceptions setting forth the action of the court in that matter, is as follows: "Be it known, that on the trial of the above entitled cause, after the State and defendant had both closed their evidence, the defendant moved the court to exclude from the jury the testimony of W. F. Broach and J. F. Eidson, for the reason that the State had not offered in evidence the testimony of Sam Jones, of Sawnie ———, nor of Bryant ———, it being shown that said parties, and all of them, were with the defendant on the day it was alleged the burglary occurred; that said witnesses Broach and Eidson were both absent from home on said day, and left the house and place in charge of defendant and said Sam and Sawnie and Bryant; that all the investigations made by said Broach and Eidson, and about which they testified, were made by said Broach and Eidson, and were made by them on account of information received by them from said Sam; that it was shown that said Sam and Sawnie and Bryant were all within the jurisdiction of the process of this court, and the State had made no effort to secure their attendance at the trial and have them testify in this cause; that their testimony was better evidence than that offered by the State; which motion was by the court overruled, to which ruling and action of the court the defendant by his counsel excepted, and prays that this his bill of exceptions be approved and ordered filed as a part of the record herein."

The following are the special instructions asked by defendant, and refused by the court:

"The State must prove beyond a reasonable doubt that the defendant entered the house, as charged, in the possession and control of J. F. Eidson and W. F. Broach, in the day-time, and by actual breaking. If you have a reasonable doubt as to whether the said house was in possession and control of Eidson and Broach, or that it was entered in the day-time, or that actual force was used in breaking the house, the defendant should be acquitted.

"If, from the evidence, it should appear that the residence house and farm of J. F. Eidson and W. F. Broach were left in the control, care, and custody of defendant during their temporary absence, and defendant entered the storehouse on the farm by means of the key of said storehouse left hanging up in the room of the house of which defendant was left in charge, defendant is not guilty of burglary, and should be acquitted."

*C. G. White*, for appellant, filed an able and interesting brief.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The conviction in this case was for burglary of a storehouse under the control of Broach & Eidson.

1.   Their evidence was sought to be excluded, because the State had not introduced the testimony of Sam Jones and two others who were on the farm upon which was situated said storehouse, on the day the crime was committed.   When Broach and Eidson left the premises, the day of the burglary, these parties were with appellant.   Investigations in regard to the burglary were on the next day make by Broach and Eidson, "on account of information received by them from Sam Jones."   Jones nor the others attended the trial.

The "information received" from Jones is not stated, nor was it shown what fact he knew relating to the crime or defendant's connection with it.   Whether the other two parties were cognizant of the offense is not stated.   The bill of exceptions is too indefinite and uncertain to require notice.   If Jones was cognizant of facts material to the case, or if the "information received" by Broach and Eidson from him was better evidence than that adduced, the bill should have so shown, otherwise we can not say that the facts expected to be proved by him would have been stronger, better, or more cogent than that introduced.

2.   There was no testimony introduced tending to show that the storehouse was placed by Broach and Eidson in the possession or control of appellant, hence the court did not err in refusing to instruct the jury in regard to such state of case.   The fact that the appellant was requested by Broach to keep watch over his room in his dwelling, in order to prevent it from catching on fire from the fireplace or chimney, did not authorize appellant to enter the store and take goods therefrom. The latter house was separate from the dwelling.   The court correctly charged the law applicable to the evidence adduced on the trial.

The evidence we think supports the conviction.   Appellant disposed of a pair of shoes the next day, shown to have been a part of the stock kept in the store, and when charged with the crime did not deny it.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.